UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONA SIMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BERKELEY, BERKELEY MENTAL HEALTH MOBIL CRISIS TEAM, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02173-WHO<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 27, 30 |

Pro se plaintiff Jona Simon filed this 42 U.S.C. section 1983 action alleging that defendants City of Berkeley Mental Health Mobil Crisis Team, Alta Bates Summit Medical Center ("ABSMC"), and Alameda Health System ("AHS") (sued herein as John George Psychiatric Hospital) violated his civil rights protected by the Fourth, Fourteenth, and Second Amendments. Dkt. No. 1. Before me are motions to dismiss by the two hospital defendants, ABSMC and AHS. Dkt. Nos. 27, 30. For the reasons set forth below, their motions are DENIED in part and GRANTED in part with leave to amend.

Simon's claims are not barred by the statute of limitations. Federal courts "apply the forum state's statute of limitations for personal injury actions" for section 1983 claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted). California's statute of limitations for personal injury claims is two years. *Id.* (citing Cal. Code Civ. Proc. § 335.1). Simon's section 1983 claims arise out of incidents that occurred between March 20 and March 22, 2018 when he was detained pursuant to California Welfare and Institutions Code section 5150. The Complaint was filed on March 19, 2020. This is within two years of the alleged incidents.

1          However, Simon has not adequately alleged facts to support his claims. As a threshold
2  issue, Simon must adequately allege that ABSMC and AHS acted under the color of state law.
3  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983
4  purposes." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation
5  omitted). In order for private conduct to constitute governmental action, "something more" must
6  be present. *Id.* The Ninth Circuit recognizes four tests to identify what constitutes "something
7  more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4)
8  governmental nexus. *See id.* at 835–36.

9          Simon contends that the joint action test and the government nexus test are met, but the
10 conclusory allegations in his Complaint are not enough. The Complaint is devoid of factual
11 allegations that ABSMC and AHS acted jointly with the state or its agents or any factual
12 allegations which would support the argument that their conduct had a close nexus with the state.
13 *See Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 915 (C.D. Cal. 2016)
14 (dismissing, with leave to amend, pro se complaint involving 5150 hold because plaintiff did not
15 allege that the private hospitals took action under color of state law). Simon cites to *West v.
16 Atkins,* 487 U.S. 42, 54 (1988), where the Supreme Court held that "a private physician under
17 contract with a state to provide medical services to inmates [is] a state actor for purposes of
18 section 1983." The allegations in his Complaint do not match that scenario. If Simon thinks his
19 claims are like the claims in another case, he must explain why that is and point to his own factual
20 allegations that make the case analogous. Only pointing to facts in another case does not show me
21 why the facts alleged in this case are sufficient.

22         He must also allege sufficient facts that make his Fourth, Fourteenth and Second
23 Amendment claims against ABSMC and AHS plausible. For Fourth Amendment purposes,
24 probable cause exists under section 5150 if facts are "known to the peace officer (or other
25 authorized person) that would lead a person of ordinary care and prudence to believe, or to
26 entertain a strong suspicion, that the person detained is mentally disordered and is a danger to
27 himself or herself." *People v. Triplett,* 144 Cal. App. 3d 283, 287–88 (1983) (holding officer did
28 not violate Fourth Amendment by taking defendant into custody under section 5150 where it was

reasonable to infer from facts known to detaining officer that plaintiff was "at least temporarily disordered" and "as a result of mental disorder was a danger to herself"). Simon's Fourth Amendment claim appears to be implausible because the medical records attached to his Complaint show that there was probable cause for ABSMC and AHS to certify and continue the 5150 hold. If Simon wishes to pursue a Fourth Amendment claim against these defendants, he must explain why he thinks they did not have probable cause to continue his 5150 hold.

Further, Simon does not specify the Fourteenth Amendment due process rights he seeks to vindicate – procedural due process, substantive due process, or both. To the extent that he premises his Fourteenth Amendment claim on allegations that he did not receive a hearing or other review prior to or during his 72-hour detention pursuant to the 5150 hold, "such a claim is not cognizable as a matter of law." *Walsh v. AMD Sacramento*, No. 2:13-CV-2077 MCE KJN, 2014 WL 4472752, at *10 (E.D. Cal. Sept. 11, 2014) (dismissing procedural due process claim against county, psychiatric facility and medical center), *report and recommendation adopted* (Dec. 29, 2014), *aff'd sub nom. Walsh v. Am. Med. Response*, 684 F. App'x 610 (9th Cir. 2017).

To the extent that Simon seeks to bring a substantive due process claim, the Complaint is not supported by sufficient allegations. As ABSMC and AHS point out, his allegations are not like the substantive due process allegations allowed in other cases. *See, e.g.*, *Oyarzo v. Alameda Cty. Med. Ctr.*, No. C 04-4587 MJJ, 2005 WL 701450, at *3 (N.D. Cal. Mar. 15, 2005) (persons involuntarily committed pursuant to section 5150 may be able to state a cognizable substantive due process claim through allegations of *unsafe conditions of confinement*). In his opposition, Simon argues that ABSMC and AHS acted with deliberate indifference to serious medical needs, but he does not explain what those "serious medical needs" were and how ABSMC and AHS' actions or inactions amounted to deliberate indifference.

To the extent that he is pursuing a *Monell* claim against ABSMC and AHS, he does he allege that there were any specific policies or customs on the part of ABSMC and AHS that was "the moving force" behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40, Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Finally, Simon's Second Amendment claim fails because he does not explain what

3

1  ABSMC or AHS did to infringe on his right to bear arms.  In his opposition, Simon argues that
2  ABSMC and AHS found a weapon license on him and "registered" him in the system.  Although
3  that allegation does not appear in the Complaint, it is insufficient anyway because ABSMC and
4  AHS have a mandatory duty to report such information to the Department of Justice pursuant to
5  Cal. Wel. & Inst. Code section 8103(f)(2)(A)(i).

6  I will give Simon leave to amend his Complaint within 20 day of this order to address the
7  issues outlined above.

8  **IT IS SO ORDERED.**

9  Dated: November 5, 2020



William H. Orrick
United States District Judge