UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONA SIMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BERKELEY, BERKELEY MENTAL HEALTH MOBIL CRISIS TEAM, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02173-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 50 |

Pro se plaintiff Jona Simon filed this 42 U.S.C. section 1983 action alleging that defendants City of Berkeley Mental Health Mobil Crisis Team ("City of Berkeley"), Alta Bates Summit Medical Center ("ABSMC"), and Alameda Health System ("AHS") (sued herein as John George Psychiatric Hospital) violated his civil rights protected by the Fourth, Fourteenth, and Second Amendments. Dkt. No. 1. On November 5, 2020, I granted defendants ABSMC and AHS's motions to dismiss the original Complaint, with leave to amend by November 25, 2020. Dkt. No. 25. On November 13, 2020, the City of Berkeley moved to dismiss the original Complaint. Dkt. No. 46. On December 2, 2020, I granted Simon's request for extension to file an Amended Complaint by December 24, 2020 and denied as moot the City of Berkeley's motion to dismiss the original Complaint in light of the forthcoming Amended Complaint. Dkt. No. 50. I warned Simon that if he "fails to file an Amended Complaint by December 24, 2020, this case will be dismissed for failure to prosecute." *Id.* Simon has not filed an Amended Complaint or otherwise responded to my order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell,*

*Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting Hen*derson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, Simon was given an opportunity to file an Amended Complaint and failed to timely do so. I extended his deadline to file an Amended Complaint from November 25 to December 24, 2020, but Simon still has not filed an Amended Complaint or otherwise responded to my order. Without an Amended Complaint, the operative Complaint is deficient for the reasons stated in my November 5, 2020 order. This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that Simon does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Simon has not discharged this responsibility despite ample opportunity to file an Amended Complaint. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Simon's failure to file an Amended Complaint within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. Simon had the ample opportunity to file an Amended Complaint but did not do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal. This action is

hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 7, 2021



William H. Orrick
United States District Judge

3